## F. HARDESTY *v.* MARY STURGES, Executrix, et al.

When the liability of the surety had been fixed by the same judgment in which the principal was condemned, *held*, that an agreement under which, without the formality of a Sheriff's sale, a twelve months' bond was given by the principal, to cover the debt and costs, as if the property seized had been adjudicated on a second crying for that amount, did not have the effect of releasing the surety.

APPEAL from the District Court of East Feliciana, *Ratliff*, J.

*P. Pond*, for plaintiff. *Muse & Hardee*, for defendants and appellants.

BUCHANAN, J The plaintiff, *Hardesty*, having obtained judgment against the principal and surety upon a bond, took out execution, which was levied upon property of the principal, who, by written consent of plaintiff, was permitted, without the formality of a Sheriff's sale, to give a twelve months' bond with security for an amount sufficient to cover the debt and costs, as if the property had been adju-

<div style="float:left">HARDESTY<br>v.<br>STURGES.</div>

dicated at a second crying for that amount. Even if this can be considered as a giving of time to the principal, (which it scarcely can be under the circumstances,) the surety was not thereby released, for two reasons : first, because his liability was already fixed by a judgment; Story on Promissory Notes, No. 417; 2 An. 456. The counsl of appellant relies upon the case of *Callihan* v. *Turner*, 3 Robertson, and *Gustine* v. *Union Bank*, 10 Robertson, which are inconsistent with the doctrine here stated. But we prefer and adhere to the ruling of *The Louisiana State Bank* v. *Haralson*, 2 An., quoted above. Secondly, because the surety had sued and obtained judgment by confession against his principal, as the record shows, for the amount of this identical bond, simultaneously with the judgment obtained by plaintiff against both of them, and issued executions against his principal upon the judgment thus obtained. It is, therefore, evident, that the defendant's testator, the surety in question, was never delayed or impeded in the least by the supposed giving of time to his principal by plaintiff. In the very peculiar facts of this case the surety appears to have even exercised a right beyond the law ; for the confession of judgement in his favor gave him a virtual subrogation to plaintiff's rights against his principal without having satisfied the debt or any part of it.

Judgment affirmed, with costs.

MERRICK, C. J., recused himself in this case.